Argued 30 January, decided 19 March, 1907.

GALIGHER *r.* GALIGHER.

89 Pac. 146.

DIVORCE—THEFT AND KEEPING STOLEN PROPERTY AS CRUELTY.

1. The commission of theft and the keeping of the stolen property at home is ordinarily an act of personal indignity to the other spouse.

DIVORCE—ASSAULT BY ANOTHER AS CRUELTY.

2. The scramble of the wife for the possession of her child, which brought on an assault against the husband by her brother, is not such an act of cruelty toward the husband as to be ground for a divorce.

DIVORCE—EVIDENCE OF ADULTERY.

3. In a suit for divorce by the wife, evidence *held* insufficient to establish any immoral conduct on the part of the wife.

From Douglas: JAMES W. HAMILTON, Judge.

Suit for a divorce by Eva Galigher against John D. Galigher, with a cross bill by defendant asking affirmative relief.

There was a decree for plaintiff from which defendant appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Albert Abraham.*

For respondent there was a brief over the name of *Coshow & Rice,* with an oral argument by *Mr. Dexter Rice.*

MR. JUSTICE EAKIN delivered the opinion of the court.

The appeal calls for a review of questions of fact only, and, without referring to the evidence at length in this opinion, it is sufficient to say that it appears that from the time of the marriage in 1892 plaintiff and defendant have been in straitened circumstances financially, part of the time living on a homestead isolated in the mountains, and with little or no income. During all this time defendant has given little care or consideration to the plaintiff's comfort and happiness, absolutely inconsiderate and cruel towards her at childbirth, and his treatment of her at all times being arbitrary and exacting. And in time these conditions grew worse until estrangements arose that finally culminated in the separation and this suit for divorce. At the time of the last trouble the situation was evidently ripe for separation

on the part of both, and, as a consequence in all cases where there are children, the interests and disposition of the children is an all important question and the source of bitter contentions between parents. The defendant insisted on keeping the children, although without means to provide for them properly, or time, disposition or qualification properly to care for their persons, clothes and conduct. The defendant neglected them in all these particulars, and evidently tried to prevent the plaintiff from getting possession of them or even seeing them, and endeavored to prejudice the boys against the mother. And we think the finding of the court to that effect is fully justified by the evidence.

1. The commission of petty thefts by a husband and caching the fruits of his theft in and about his dwelling is certainly a personal indignity to a wife of honesty and refined feelings. The defendant denies the larceny of any property, but it is clear that the property that plaintiff mentions was brought to the place by defendant and left in and about the house, and we cannot doubt that he said to his wife, as she testified, that·he "swiped" it or stole it, and such conduct on his part was sufficient to justify a finding upon that question to the effect that defendant was in the habit of making his dwelling house a cache for stolen property; and it was not necessary that plaintiff prove all the elements of the crime or establish his guilt.

2. Defendant complains of the assault of Fred Pilkington during the scramble for the child, but plaintiff is not responsible for that assault. It was not done by her procurement. Defendant was using violence against his wife, who is the sister of Pilkington, and it does not appear that she even called upon her brother for aid; but, if so, it was only for protection against defendant's violence. Without attempting to justify the acts of plaintiff in seeking to take the child, this scramble for the child, and the result of it, are not such an act of cruelty by the plaintiff toward the defendant as can be a ground for divorce.

3. There is no evidence that tends to establish any immoral conduct on the part of plaintiff. Defendant complains of plain-

tiff being out at night a great deal, but mentions only her going to her sister's or her mother's. He gives details of one night when he claims to have met her walking with a man on the railroad track, but, taking all the evidence relating to that matter as given by himself and the plaintiff, it is quite probable that he was mistaken as to the persons he met. He did not recognize them, although they met directly on the railroad track and under a switch light, but after he got past them he says he turned around and recognized his wife. He admits he did not speak to her and did not follow her, but went directly home, and that he was jealous of her. He frequently protested against her going out at all, and accused her of "being out chasing," and that she was not true to him, but none of these charges are established by the evidence, and we conclude that the findings of the lower court are fully justified by the evidence.

The decree is affirmed.                    AFFIRMED.

---

Decided 5 March, 1907.